UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

HUGO FLORES,

        Petitioner,

    -v-                                      No.  06 Civ. 13517(LTS) (JCF)

ISRAEL RIVERA, SUPERINTENDENT

        Respondent.

-------------------------------------------------------x
LAURA TAYLOR SWAIN, U.S.D.J.


<u>MEMORANDUM OPINION AND ORDER</u>

        Hugo Flores brings this habeas corpus petition pursuant to 28 U.S.C. § 2254, challenging his conviction in New York State Supreme Court, New York County, for second degree depraved indifference murder under N.Y. Penal Law § 125.25(2).  Petitioner asserts five claims for habeas relief: (1) that the trial judge improperly instructed the jury regarding the defense of justification, (2) that the prosecutor denigrated the defense and shifted the burden to the defendant during summation, (3) that the evidence was insufficient to prove depraved indifference murder, (4) that his right to due process was violated when his statements to the police were admitted into evidence in violation of his <u>Miranda</u> rights, and (5) that his sentence is excessive.

        On December 11, 2008, Magistrate Judge Francis issued a Report and Recommendation (the "Report"), recommending that Petitioner's jury charge, prosecutorial misconduct, <u>Miranda</u> violation, and excessive sentence claims be denied, but that the writ should be granted based on Petitioner's sufficiency of the evidence claim.  For the following reasons, the Court adopts Judge Francis' recommendation as to Petitioner's jury charge, prosecutorial

misconduct, and <u>Miranda</u> violation claims, declines to accept Judge Francis' recommendations as to

Petitioner's excessive sentence and  sufficiency of the evidence claims, and denies the petition.


B<small>ACKGROUND</small>

The factual and pre-trial procedural background of this matter are described in

detail in the Report, familiarity with which is presumed.

At trial, Petitioner moved to suppress his statements to the police and the physical

evidence gathered during the investigation. The court denied the motion, finding that Petitioner

was not in custody when police brought him to the precinct for initial questioning, his post-

<u>Miranda</u> statements were voluntary, and the search of Petitioner's apartment was based on consent.

At the conclusion of his trial, Petitioner moved for dismissal of the depraved

indifference murder charge, arguing that "the People have not proved that the defendant acted

under circumstances evincing a depraved indifference to human life."  (Trial Tr. 1106:18-25.)

After that motion was denied, Petitioner requested that the court charge Manslaughter in the

Second Degree as a lesser included offense.  (Trial Tr. 1120:4.)  The court granted Petitioner's

application to charge manslaughter in addition to depraved indifference murder.  (Trial Tr. 22:18.)

On January 24, 2002, Petitioner was convicted by a jury in New York County, New York, of

Depraved Indifference Murder in the Second Degree under N.Y. Penal Law § 125.25(2).  (Trial Tr.

1272-75.)  On February 7, 2002, Petitioner was sentenced to 25 years to life.  (Sentencing Tr. 21.)

On appeal to the Appellate Division, First Department, Petitioner asserted the same

claims that he raises in his habeas corpus petition.  (<u>See</u>, Resp't. Answer, Ex. C.)  The appellate

court rejected Petitioner's claims and affirmed his conviction, holding that his jury charge and

prosecutorial misconduct claims were unpreserved, that his statements to the police were properly

admitted since "a reasonable person in defendant's position would not have believed that the interrogation was custodial," that his sentence should not be reduced, and that his sufficiency of the evidence argument was unpreserved.  People v. Flores, 803 N.Y.S.2d 85 (2005).  Alternatively, the court held that, based on People v. Sanchez, 777 N.E.2d 204 (2002), a jury could reasonably have concluded that Petitioner lacked homicidal intent but acted under circumstances evincing a depraved indifference to human life.  Flores, 803 N.Y.S.2d at 86.  The New York Court of Appeals denied Petitioner's application for leave to appeal his conviction on January 4, 2006, and Petitioner's conviction became final 90 days later.  People v. Flores, 844 N.E.2d 798 (2006).

STANDARD OF REVIEW

In reviewing a Report and Recommendation, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C.A. § 636(b)(1)(c) (West Supp. 2004).  To accept the Report of a magistrate judge to which no timely objection has been made, a district court "need only satisfy itself that there is no clear error on the face of the record."  Johnson v. Reno, 143 F. Supp. 2d 389, 391 (S.D.N.Y. 2001); see also, Bryant v. New York State Dep't of Corr. Serv., 146 F. Supp. 2d 422, 424-45 (S.D.N.Y. 2001) (court may accept portions of the report to which no objections have been made if it is "not facially erroneous").  The Court is required to make a de novo determination as to those aspects of the Report to which specific objections are made.  United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997).  If the party makes only conclusory or general objections, or simply reiterates the original arguments, however, the Court will review the Report strictly for clear error.  See, United States ex rel. Casa Redimix Concrete Corp. v. Luvin Constr. Corp., 00 Civ. 7552(HB), 2002 WL 31886040, at *1 (S.D.N.Y. 2002); Camardo v. Gen. Motors Hourly-Rate Employees Pension Plan,

806 F. Supp. 380, 382 (W.D.N.Y. 1992); Chabrier v. Leonardo, No. 90 Civ. 0173(PKL), 1991 WL

44838, at *1 (S.D.N.Y. Mar. 26, 1991); Schoolfield v. Dep't of Corr., No. 91 Civ. 1691(MJL),

1994 WL 119740, at *2 (S.D.N.Y. Apr. 6, 1994).  "[O]bjections to a Report and Recommendation

are to be specific and are to address only those portions of the proposed findings to which the party

objects." Camardo, 806 F. Supp. at 381-82.


<u>DISCUSSION</u>

As noted above, Petitioner asserts that (1) the trial judge improperly instructed the

jury regarding the defense of justification, (2) the prosecutor denigrated the defense and shifted the

burden to the defendant during summation, (3) the evidence was insufficient to prove depraved

indifference murder, (4) his right to due process was violated when his statements to the police

were admitted into evidence in violation of his Miranda rights, and (5) his sentence is excessive.

Judge Francis' Report recommended that Petitioner's claims regarding the jury

charge and the alleged prosecutorial misconduct be rejected as procedurally barred because the

state appellate court found the claims unpreserved and Petitioner cannot show just cause for that

default.  (Report 9, 11.)  The Report recommended that Petitioner's claim that his statements to the

police were admitted into evidence in violation of his Miranda rights be rejected as lacking merit.

(Id. at 27.)  Additionally, the Report recommended that Petitioner's excessive sentence claim be

denied because Petitioner's sentence was not disproportionate under the Eighth Amendment.  (Id. at

30.)  Finally, the Report recommended that Petitioner's sufficiency of the evidence claim be

granted, concluding that Petitioner's failure to preserve the claim on direct appeal was excusable in

that the legal basis for his current claim had no reasonable basis in law at the time of trial and that

developments in New York State law concerning the elements of depraved indifference murder

during the time when Petitioner's appeal was pending rendered his conviction defective, such that the Appellate Division's conclusion that the trial evidence was legally sufficient to sustain his conviction constituted an unreasonable application of federal due process law.  (Id. at 16-27.)

Respondents made no objection to the Magistrate Judge's recommendations as to Petitioner's jury charge, prosecutorial misconduct, and Miranda violation claims.  However, Respondent specifically objects to the Magistrate Judge's recommendation regarding Petitioner's excessive sentence claim, arguing that the Magistrate Judge improperly denied the claim on its merits and should instead have denied it as procedurally defaulted.  Respondent also makes specific objections to the Magistrate Judge's recommendation that Petitioner's sufficiency of the evidence claim be granted.

Petitioner filed no objections to the Report.


### Petitioner's Jury Charge, Prosecutorial Misconduct and Miranda Violation Claims

Because no objections were made by either Petitioner or Respondent to Judge Francis' conclusions that Petitioner's jury charge and prosecutorial misconduct claims were procedurally barred, and that Petitioner's Miranda violation claim lacked merit, the Court has reviewed Judge Francis' findings and recommendations on those claims for clear error.  Finding none in Judge Francis' thorough and well-reasoned analysis, the Court adopts the Report and its recommendations with respect to those claims.


### Petitioner's Excessive Sentence Claim

Although Respondent does not object to Judge Francis' recommendation that Petitioner's excessive sentence claim be denied, Respondent does specifically object to Judge

Francis' consideration of that claim on its merits, arguing that Petitioner failed to exhaust this claim on federal constitutional grounds in the state courts and that it therefore was procedurally defaulted. The Court has reviewed de novo the Report's recommendations and conclusions as to this claim.

Exhaustion

A district court is not to review an application for a writ of habeas corpus unless "the applicant has exhausted the remedies available in the courts of the State."  28 U.S.C. § 2254(b)(1).  The exhaustion requirement compels federal courts to ask, first, whether any applicable state court remedies remain available to the petitioner and, second, whether the petitioner "properly exhausted those [state] remedies, i.e., whether [petitioner] has fairly presented his claims to the state courts."  Gamdalmez v. Keane, 394 F.3d 68, 73-74 (2d Cir. 2005) (internal quotation marks omitted) (quoting O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999)).  The first inquiry does not require the petitioner to have invoked every possible avenue of state court review, but rather requires "state prisoners [to] give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" (internal quotation marks omitted).  Id. at 73 (quoting O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999)).

The second inquiry embodies the inseparability of exhaustion and procedural default, as a state prisoner cannot claim to have exhausted his remedies because he no longer possesses the right, under state law, to raise the claim in a state proceeding if at some point the petitioner had the right to raise the claim but failed to do so.  Id. at 74.

In New York, to invoke "one complete round of the State's established appellate review process," a criminal defendant must first appeal his conviction to the appropriate Appellate

Division, and then must seek discretionary review by the New York Court of Appeals.  Id.; N.Y.

Crim. Pro. Law §§ 450.10, 450.90 (McKinney 2008).  Petitioner appealed his claims to the

Appellate Division and sought discretionary New York Court of Appeals review.  With respect to

his sentence however, he raised only the state law argument that the sentence should be reduced in

the interests of justice.


           Procedural Bar

           A procedural default generally bars a federal court from reviewing the merits of a

habeas claim.  Wainwright v. Sykes, 433 U.S. 72, 86-87 (1977).  Thus, federal habeas review is

prohibited if a state court rests its judgment on a state law ground that is "independent of the

federal question and adequate to support the judgment."  Cotto v. Herbert, 331 F.3d 217, 238 (2d

Cir. 2003) (quoting Coleman v. Thompson, 501 U.S. 722, 729 (1991)).  A state procedural bar

qualifies as an "independent and adequate" state law ground if "the last state court rendering a

judgment in the case clearly and expressly stated that its judgment rest[ed] on a state procedural

bar."  Levine v. Comm'r of Corr. Serv., 44 F.3d 121, 125 (2d Cir. 1995) (quoting Harris v. Reed,

489 U.S. 255, 263 (1989)).  The Second Circuit has made clear that "federal habeas review is

foreclosed when a state court has expressly relied on a procedural default as an independent and

adequate ground, even where the state court has also ruled in the alternative on the merits of the

federal claim."  Velasquez v. Leonardo, 898 F.2d 7, 9 (2d Cir. 1990).  Thus, "federal habeas review

is precluded 'as long as the state court explicitly invoke[d] a state procedural bar rule as a separate

basis for decision.'"  Id.  (quoting Harris v. Reed, 489 U.S. 255, 264 n.10 (1989).  A state

procedural bar will generally be adequate to preclude habeas review if it is "firmly established and

regularly followed."  Lee v. Kenna, 534 U.S. 362, 376 (2002) (quoting James v. Kentucky, 466

U.S. 341, 348 (1984)).

New York's preservation doctrine, codified in New York Criminal Procedure Law §

470.05(2), requires that a criminal defendant make a timely and specific objection to the alleged

error in order to preserve the objection for appellate review. People v. Hawkins, 11 N.Y.3d 484,

492 (2008); People v. Hines, 97 N.Y.2d 56, 62 (1995). New York's preservation rule is "firmly

established and regularly followed," and thus qualifies as an independent and adequate state law

ground precluding federal habeas review. Garvey v. Duncan, 485 F.3d 709, 710 (2d Cir. 2007);

see also Garcia v. Lewis, 188 F.3d 71, 78-79 (2d Cir. 1999).

A habeas petitioner can overcome a procedural bar if he can show just cause for the

procedural default and resulting prejudice. Carmona v. U.S. Bureau of Prisons, 243 F.3d 629, 633

(2d Cir. 2001). A habeas petitioner establishes just cause if he can show that "some objective

factor external to the defense impeded [his] efforts to comply with the State's procedural rule."

Murray v. Carrier, 477 U.S. 478, 496 (1986). An example of cause for default is a "showing that

the factual or legal basis for a claim was not reasonably available" at the time preservation was

required. Id.; see also Reed v. Ross, 468 U.S. 1, 15-16 (1984) ("Counsel's failure to raise a claim

for which there was no reasonable basis in existing law does not seriously implicate any of the

concerns that might otherwise require deference to a State's procedural bar."); Bossett v. Walker,

41 F.3d 825, 829 (2d Cir. 1994). Prejudice is established if the outcome of "the case [would] likely

[] have been different absent the [alleged] constitutional violation." DeLeon v. Hanslmaier, No.

CV-94-5512, 1996 WL 31232, at *4 (E.D.N.Y. Jan. 19, 1996), aff'd, 104 F.3d 355 (2d Cir. 1996);

Burton v. Senkowski, No. CV-94-3836, 1995 WL 669908, at *2 (E.D.N.Y. Nov. 5, 1995); see also

Reed, 468 U.S. at 12.

Alternatively, a defaulted claim may be heard on habeas review if the petitioner can

show that "failure to consider [the claim] . . . will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991). However, this exception is limited to the extraordinary case where a constitutional violation has probably resulted in the conviction of one who is actually innocent. Schlup v. Delo, 513 U.S. 298, 327 (1995).

As Respondent's papers point out, Petitioner's excessive sentence claim was presented to the state courts solely on the argument that the sentence should have been reduced in the interests of justice, pursuant to N.Y. Crim. Pro. Law § 470.15(2)(c) (McKinney 2008), rather than on any federal constitutional ground. Thus, the claim is not exhausted. Because Petitioner has not proffered cause for the default or demonstrated prejudice, the claim must be dismissed.

_____

Petitioner's Sufficiency of the Evidence Claim

Because Respondent filed timely and specific objections to Judge Francis' recommendation that Petitioner's sufficiency of the evidence claim be granted, this Court reviews that claim de novo.

On appeal, Petitioner argued that the evidence at trial was insufficient to prove the depraved indifference murder charge because it instead proved that his conduct in killing the victim "was intentional, not reckless." Flores, 803 N.Y.S.2d at 86. The appellate court found this claim to be unpreserved because Petitioner had not specifically alerted the trial court to the argument that the prosecution had failed to prove beyond a reasonable doubt that he killed Mr. Orobello with the requisite mental state of recklessness. The appellate court noted that the Petitioner had requested the jury be charged with the lesser-included offense of second degree manslaughter, "essentially conceding that there was a reasonable view of the evidence that would support a finding that [Petitioner] acted recklessly, rather than with intent to kill." Id. The appellate court also noted

that, if it had reviewed the claim on its merits, it would have rejected the claim because "the jury could have reasonably concluded, particularly if it credited portions of [Petitioner's] statement, that he lacked homicidal intent, but acted under circumstances evincing a depraved indifference to human life." Id.

The law governing depraved indifference murder at the time of petitioner's trial required the prosecution to prove that Petitioner (1) recklessly engaged in conduct, (2) which created a grave risk of death to another person, (3) and thereby caused the death of another person, (4) under circumstances evincing a depraved indifference to human life. N.Y. Penal Law § 125.25(2); People v. Sanchez, 98 N.Y.2d 373, 376 (2002). At that time, following the rule articulated in the Court of Appeals' decision in People v. Register, 60 N.Y.2d 270 (1982), the New York Court of Appeals construed the "under circumstances evincing depraved indifference to human life" element as "an additional requirement refer[ring] to neither the mens rea nor the actus reus . . . but rather a definition of the factual setting in which the risk creating conduct must occur . . . . an objective assessment of the degree of risk presented by [a defendant's] reckless conduct" (emphasis in original). Sanchez, 98 N.Y.2d at 379-380 (quoting People v. Register, 60 N.Y.2d 270, 275-277 (1982)). Thus, the New York courts interpreted "objective circumstances of exceptionally high, unjustified risk of death [to] constitute the primary means by which the Legislature differentiated between the reckless state of mind sufficient to establish the mental culpability of manslaughter and the extreme recklessness of [depraved indifference murder]." Id. at 380.

While Petitioner's case was on direct appeal, the New York Court of Appeals decided several cases in which the court's interpretation of the "under circumstances evincing a depraved indifference to human life" element "gradually and perceptibly changed from an

objectively determined degree-of-risk standard (the Register formulation) to a mens rea, beginning

with [the court's] decisions" in People v. Hafeez, 100 N.Y.2d 253 (2003), People v. Gonzalez, 1

N.Y.3d 464 (2004), People v. Payne, 3 N.Y.3d 266 (2004), and People v. Suarez, 6 N.Y.3d 202

(2005).  Policano v. Herbert, 7 N.Y.3d 588, 602-3 (2006).  In July 2006, after Petitioner's

conviction had become final, the New York Court of Appeals decided People v. Feingold, 7

N.Y.3d 288 (2006), in which the court explicitly overruled both Register and Sanchez, and held

that, rather than constituting merely a separate, objective circumstances requirement, "depraved

indifference to human life is a culpable mental state."  Feingold, 7 N.Y.3d at 296 (internal

quotation marks omitted).

   Judge Francis' Report, focusing on these significant developments in New York

law, concluded that resolution of Petitioner's objection to the sufficiency of the evidence turns on

the evolving concept of the "circumstances evincing a depraved indifference" and statements in the

more recent cases focusing on the relatively narrow universe of factual circumstances in which

violent or high-risk acts leading to death could be considered committed with depraved

indifference to their consequences rather than with the intention to cause death or serious harm.

The Report therefore recommends findings that the claim is not procedurally barred because

Petitioner could not have anticipated the case law developments at the time of trial, and that habeas

relief should be granted on the merits of this claim because the trial evidence was indeed

insufficient to evince the newly required mental state of depraved indifference.  This Court

respectfully disagrees with both conclusions.

   While Petitioner's trial objection did specifically assert that the evidence was

insufficient to evince the requisite depraved indifference under the then-objective standard, he

abandoned his focus on that element on appeal, instead arguing that the evidence could support

only a finding of intentional murder—a charge outside the scope of depraved indifference murder, which presupposes recklessness and indifference as opposed to intentionality.  This latter argument is one that is not at all novel.

Not only do the two prongs of the second-degree murder statute highlight the difference between intentional and indifference as predicates for guilt ("[a] person is guilty of murder in the second degree when . . . [w]ith <u>intent</u> to cause death to another person, he causes the death of such person or a third person," and, "[a] person is guilty of murder in the second degree when . . . [u]nder circumstances evincing a <u>depraved</u> <u>indifference</u> to human life, he <u>recklessly</u> engages in conduct which creates a <u>grave</u> <u>risk</u> of death to another person, and thereby causes the death of another person . . . .," N.Y. Penal Law § 125.25(1), (2) (emphasis added)),  New York case law going back as far as 1971 reveals instances in which appellate courts have reviewed, and at times overturned negligent homicide, reckless manslaughter, and depraved indifference murder convictions on claims that—as raised and properly preserved for review by the defendant in each case—the trial evidence proved that "the defendant was guilty of an intentional [murder] or no other."  <u>People v. Wall</u>, 29 N.Y.2d 863, 864 (1971) (reversal of negligent homicide conviction on defendant's appellate claim that the evidence at trial proved only first degree manslaughter, which required a <u>mens</u> <u>rea</u> of intent, and was insufficient to prove that his conduct was negligent); <u>see also</u>, <u>King v. Artus</u>, 259 Fed. Appx. 346, 347 (2d Cir. 2008) (affirming denial, as procedurally barred, of habeas corpus petition in which petitioner had claimed the evidence in his 1997 conviction of depraved indifference murder was based on evidence sufficient only to prove intentional, rather than reckless, murder); <u>Jones v. Keane</u>, 329 F.3d 290, 293 (affirming denial of habeas corpus petition in which petitioner claimed that New York's depraved indifference murder law was unconstitutionally vague because the formulation made it "indistinguishable from the

crime of reckless manslaughter"); <u>Rustici v. Phillips</u>, 497 F. Supp. 2d 452, 482 (E.D.N.Y. 2007) (petitioner's claim that the evidence proved only intentional, not reckless, murder held procedurally barred); <u>People v. Sullivan</u>, 68 N.Y.2d 495, 500 (1986) (affirming reckless manslaughter indictment even in view of conflicting evidence as to whether the defendant acted intentionally or recklessly); <u>People v. Thompson</u>, 650 N.Y.S.2d 825, 827 (N.Y. App. Div. 3d Dep't 1996) (affirming depraved indifference murder conviction and rejecting defendant's claim that the evidence was sufficient to prove only an intentional, and not a reckless, murder); <u>People v. Stewart</u>, 659 N.Y.S.2d 337, 338 (N.Y. App. Div. 3d Dep't 1997) (affirming depraved indifference murder conviction and rejecting defendant's claim that the evidence was sufficient to prove only an intentional, and not a reckless, murder).  Indeed, as the Report notes, the exclusion of intentional homicides from the scope of the crimes with which the depraved indifference statute is concerned was a major focus of the Court of Appeals decisions in which the depraved indifference <u>mens</u> <u>rea</u> requirement was developed during the time period in which Petitioner's direct appeal was pending. <u>See</u>, <u>Hafeez</u>, 100 N.Y.2d at 258; <u>Gonzalez</u>, 1 N.Y.3d at 466; <u>Payne</u>, 3 N.Y.3d at 269; <u>Suarez</u>, 6 N.Y.3d at 205.

       The Report reads too literally, however, those decisions' descriptive examples of the circumstances in which actions may satisfy depraved indifference, rather than intentional murder or manslaughter elements.  For example, the Report interprets <u>People v. Suarez</u>'s description of two categories of factual situations (neither comparable to Flores' crime) as creating exclusive boundaries beyond which a jury is foreclosed as a matter of law from considering depraved indifference when a one-on-one confrontation results in death.  <u>See</u> Report at 15-16.  <u>Suarez</u>, however, speaks in terms of "a few other extraordinary cases" and "comparable facts" in conjunction with the cited examples, and does not purport to set a bright-

line rule beyond the new mens rea requirement for depraved indifference.  See Suarez, 6 N.Y.3d at 8-9.  This aspect of the Report thus also fails to identify a proper basis for the conclusion that the sufficiency of the evidence argument advanced here was not available to Petitioner at the time of his trial.

Because Petitioner's claim that the evidence at trial was sufficient only to prove that he killed Mr. Orobello intentionally, as opposed to recklessly, had a reasonable basis in law at the time of his initial conviction, Petitioner was required to preserve any such challenge to his conviction by moving for a trial order of dismissal on grounds specifically directed at that mens rea element.  Hawkins, 11 N.Y.3d at 492 (defendant's motion to dismiss on grounds that the prosecution had "failed to prove that [defendant] acted with Depraved Indifference Murder" was insufficient to preserve the claim because defendant's motion could have been directed at the reckless mens rea element, or the objective circumstances of depraved indifference to human life element).  The intermediate appellate court held that Petitioner's sufficiency of the evidence claim was unpreserved because it "did not alert the [trial] court to the [argument on appeal] that his conduct was intentional, not reckless."  Flores, 803 N.Y.S.2d at 86.  This holding stands as an independent and adequate state law ground precluding habeas review on the merits unless Petitioner can show just cause for his procedural default.  Carmona, 243 F.3d at 633.  Here, Petitioner has not done so, and thus his sufficiency of the evidence claim is procedurally barred and must be rejected.

Petitioner's excessive sentence and sufficiency of the evidence claims are denied as procedurally defaulted.

## CONCLUSION

For the foregoing reasons, the Court adopts the Report and its recommended

dispositions except as to Petitioner's excessive sentence and sufficiency of the evidence claims.

Petitioner's habeas corpus petition is thus DENIED in its entirety. A certificate of appealability

shall issue as to Petitioner's sufficiency of the evidence claim only. The Clerk of the Court is

respectfully requested to enter judgment denying the petition and close this case.

Dated: New York, New York
     April 23, 2009

LAURA TAYLOR SWAIN
United States District Judge